### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**Stephen Close, *et al.*,**

        **Plaintiffs,**

        **v.**

**Eldo Organic, LLC, *et al.*,**

        **Defendants.**

**Case No. 2:22-cv-1630**

**Judge Michael H. Watson**

**Magistrate Judge Deavers**

### OPINION AND ORDER

Eldo Organic, LLC ("Eldo"), Botanic Business Services, LLC ("BBS"), BesaMe Wellness IP, LLC ("BesaMe"), Jack R. Mitchell ("Mitchell"), Thomas J. Elafros ("Elafros"), Benny R. Brower ("B. Brower"), and Dane B. Brower ("D. Brower") (collectively, "Defendants") move to dismiss Stephen Close's and Alexander Close's (collectively "Plaintiffs") Complaint.  ECF No. 17.  For the following reasons, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.    FACTS[1]

The facts underlying this case relate to four Missouri Marijuana dispensaries.  *See generally*, Compl., ECF No. 1.  Plaintiffs collectively own a total membership interest of 24.99% in the four dispensaries; the remaining

---

[1] The Court accepts Plaintiffs' factual allegations in the original Complaint as true for the purposes of Defendants' motion.  Some other documents, *e.g.*, the Proposed Amended Complaint, ECF No. 23-1, contain variations of these factual allegations.

membership was comprised of non-party individuals, at least at the time they formed the LLCs. *Id.* ¶¶ 17–18.

Defendants Mitchell, Elafros, B. Brower, and D. Brower are business partners, associates, members, and investors in Eldo, BBS, and BesaMe. *Id.* ¶¶ 28. Plaintiffs hired Eldo, BBS, and BesaMe to perform various operational services at Plaintiffs' dispensaries, including marketing, couriers services, ATM services, and payroll. *Id.* ¶¶ 26–27. In exchange for the operational services, Plaintiffs agreed to pay Eldo, BBS, and BesaMe a management fee. *Id.* ¶ 34.

After what Plaintiffs describe as a "significant rise in expenditures," Plaintiffs attempted to terminate the business relationship with Defendants. *Id.* ¶¶ 43–45. Plaintiffs allege, however, that Defendants refused to terminate the relationship or relinquish control of the dispensaries' operations and bank accounts. *Id.* ¶¶ 45–46. In addition, Plaintiffs allege that Defendants unlawfully transferred the dispensaries' funds into their own bank accounts, intentionally confused the dispensaries' vendors, threatened the dispensaries' management, and overbilled for services. *Id.* ¶¶ 49–54.

Plaintiffs also allege that Mitchell loaned the dispensaries some funds to cover operating expenses. *Id.* ¶ 57. According to Plaintiff, Mitchell now asserts that this loan document also transferred a 21.5% membership interest in the dispensaries to Eldo. *Id.* ¶¶ 58–59. Plaintiffs contend that no such transfer occurred. *Id.* ¶¶ 60–61.

## II.    PROCEDURAL ISSUES

This case has a somewhat unusual procedural background.  In the original

Complaint, Plaintiffs asserted the following claims: (1) breach of contract;

(2) unjust enrichment; (3) request for a declaratory judgment; (4) conversion or

misappropriation of funds; (5) breach of fiduciary duty; and (6) request for a

preliminary and permanent injunction.  *Id.* ¶¶ 67–104.  Defendants moved to

dismiss for lack of personal jurisdiction, lack of subject-matter jurisdiction, and

they alternatively argued that the Court should abstain under the *Colorado River*

doctrine.  Mot., ECF 17.

Following Defendants' motion to dismiss, Plaintiffs moved for leave to

amend the Complaint.  *See* ECF Nos. 17 & 23.  The Proposed Amended

Complaint retained the claim for declaratory judgment against only Eldo and

abandoned the other claims and other Defendants.  *See* ECF No. 23-1.  The

Court, however, instructed Plaintiffs to respond to Defendants' motion to dismiss

before the Court would rule on the motion for leave to amend.  ECF No. 25.  In

that response, Plaintiffs expressly abandoned all claims except for the claim for

declaratory judgment against Eldo.  Resp. 4, ECF No. 32.

So, before addressing Defendants' motion, the Court must first determine

which is the operative Complaint and what effect, if any, Plaintiffs' express

abandonment of Claims 1, 2, 4, 5, and 6 had.  As this Court has previously

explained, when a plaintiff abandons a claim, that abandonment has the effect of

a voluntary dismissal.  *See Qaran Fin. Express, LLC v. Hassan*, No. 2:09-CV-

250, 2010 WL 11639621, at *1 (S.D. Ohio Sept. 3, 2010) ("Plaintiff has abandoned his federal RICO violation count and a fraud count, and, in effect, Plaintiff voluntarily dismissed the claims.") (citing cases).

The first question is how to construe this dismissal.  As the Sixth Circuit has observed, its precedent on whether Rule 41 can be used to dismiss anything less than the entire action is "unclear."  *Letherer v. Alger Grp., L.L.C.*, 328 F.3d 262, 266 (6th Cir. 2003).  At times, the Sixth Circuit has approved of Rule 15, Rule 21, and Rule 41 as the appropriate mechanism for such an action. See *id*. (characterizing a partial dismissal as a motion under Rule 21); *Mgmt. Inv'rs v. United Mine Workers*, 610 F.2d 384, 394 (6th Cir. 1979) ("But while often dubbed a Rule 41(a) voluntary dismissal, the procedure [of dismissing less than the entire case]. . . is more properly viewed as a Rule 15 amendment to the complaint.")(citations omitted); *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974) (affirming the district court's dismissal of one of, but not all, defendants); see also *United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 464 (E.D. Ky. 2018) ("The Sixth Circuit has itself muddled Rule 41's contours when it affirmed a district court's Rule 41 dismissal of all claims against one defendant, but not the entire action.").

As applied here, Plaintiffs' motion would be denied under any of the three rules.  If construed as a motion to amend under Rule 15, that motion would be denied for futility.  True, the amendment would assert a declaratory judgment claim only.  However, the Court "has broad discretion to stay claims brought

under the Declaratory Judgment Act when parallel state proceedings are pending." *Comau, LLC v. Bayview Elec. Co., LLC*, No. 20-12865, 2021 WL 1037728, at *4 (E.D. Mich. Mar. 17, 2021) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995)). In light of that broad discretion—and the fact that the Court finds abstention appropriate under the stricter *Colorado River* standard— the Court would have stayed the case even if the declaratory judgment claim were the only claim asserted. *Cf. Comau*, 2021 WL 1037728, at *4 ("Because the court finds that abstention is appropriate under the more stringent *Colorado River* standard, it need not reach the question of whether [the *Wilton*] standard should apply.").

Next, consider Rule 21. Federal Rule of Civil Procedure 21 permits a court to, "[o]n motion or on its own, [] at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. In deciding whether to sever claims, courts consider several factors including:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for separate claims.

*Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018) (citation omitted).

Even assuming Rule 21 could be applicable here where Plaintiffs are attempting to dismiss, not sever claims, a Rule 21 motion would be denied. Here, all of the claims arise out of the same underlying facts (the operations of

the dispensaries), and so share at least some common questions of fact. Keeping all the claims in one action would facilitate settlement and judicial economy. Similar witnesses and documentary evidence would be required for the different claims, and the court sees no prejudice to keeping the claims together. Accordingly, all the factors weigh against severing the claims, and a Rule 21 motion would be denied. *See, e.g.*, *Henry v. City of Detroit*, No. 21-12794, 2022 WL 1163999, at *5 (E.D. Mich. Apr. 21, 2022) (denying a Ruel 21 motion where the *Parchman* factors weighed against severance).

Finally, if the Court construed the dismissal as a motion under Rule 41(a)(2), it would deny that motion. Whether voluntary dismissals under Rule 41(a)(2) should be granted is "subject to the discretion of the district court." *Wellfount, Corp. v. Hennis Care Ctr. of Bolivar, Inc.*, 951 F.3d 769, 774 (6th Cir. 2020) (citing Fed. R. Civ. P. 41(a)(2)). The purpose of requiring Court approval is to "protect the nonmovant from unfair treatment." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994 (citation omitted). However, courts should generally deny Rule 41(a)(2) motions where the nonmovant would suffer "plain legal prejudice," not just "the mere prospect of a second lawsuit." *Id.* (citing cases).

When analyzing whether "plain legal prejudice" exists, the Court should consider the following:

> the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal,

and whether a motion for summary judgment has been filed by the defendant.

*Id.* (citing cases). Additionally, "when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice." *Id.* at 719 (citing cases).

Although a close call, the circumstances of this case weigh against granting Plaintiffs' motion to voluntarily dismiss the non-declaratory judgment claims—at least without prejudice. Admittedly, no summary judgment motions have been filed by either sides, and this case is relatively new; both these factors weigh in favor of granting the dismissal. *See, e.g.*, *Warehime v. Louisville Ret. Residence LLC*, No. 3:16-CV-00634-GNS, 2017 WL 2312700, at *2 (W.D. Ky. May 26, 2017) (granting a Rule 41(a)(2) motion where no summary judgment motions had been filed and the case was "still in its infancy").

However, Plaintiffs have lacked diligence in their prosecution of this case. Instead of responding to the weighty doctrines raised in Defendants' motion to dismiss, Plaintiffs attempted to avoid them by seeking leave to amend the complaint. ECF No. 23. The short memorandum accompanying the motion to amend does not address the threshold issues raised in Defendants' motion in any meaningful way. *Id.*

After the Court ordered Plaintiffs to instead respond to Defendants' motion to dismiss, Plaintiffs filed a response brief that, *inter alia*, addressed only one of the three prongs of the personal jurisdiction analysis. Resp. 7–14, ECF No. 32.

Further, the brief failed entirely to respond to Defendants' arguments that, as members of the allegedly harmed LLCs, Plaintiffs lack Article III injuries-in-fact. *Id.* at 14–15.

Additionally, in the response, Plaintiffs pointed out that Defendants brought up the *Grand Trunk* doctrine in Defendants' response to the motion for leave to amend and argued that Plaintiffs should have the opportunity to address that doctrine at a later point. *Id.* at 15. However, Plaintiffs *had* multiple opportunities to address that doctrine: they could have done so in their response to the motion to dismiss or in their reply to Defendants' brief. Plaintiffs declined to do so in their response, and they never filed a reply.

The Court does not mean to suggest that only the most thorough or well-reasoned briefs can show diligence. Here, however, given Plaintiffs' repeated avoidance of major doctrines—doctrines which could pose significant barriers to Plaintiffs' success—the Court suspects that Plaintiffs moved to dismiss Claims 1, 2, 4, 5, and 6 without prejudice to avoid unfavorable rulings on those claims. That would be an inappropriate basis for dismissal. *See Jones v. S. Cent. Power Co.*, No. CIV.A. 204CV883, 2005 WL 1309088, at *2 (S.D. Ohio May 31, 2005) (denying a Rule 41(a)(2) motion where the plaintiff acknowledged "that he [sought] the voluntary dismissal of this action only to avoid the possible res judicata effect that a negative ruling in the present action might have"); *see also* 8-41 Moore's Federal Practice—Civil § 41.40 ("A dismissal to avoid the effect of

other unfavorable, but not necessarily dispositive, rulings by the court may constitute legal prejudice.").

Next, Plaintiffs provide an insufficient explanation for their desire to dismiss the non-declaratory-judgment claims. In the response, Plaintiffs offered only that after "further review and investigation of the pertinent background facts," they did not intend to proceed with the non-declaratory-judgement-claims. Resp. 4, ECF No. 32.

However, the Court suspects that Plaintiffs read Defendants' motion to dismiss and recognized that they faced significant hurdles in their federal case. Perhaps Plaintiffs thought they could avoid those hurdles by narrowing the case to include only declaratory relief, then later amend to include a federal RICO claim. In other words, Plaintiffs' "motion" to dismiss the non-declaratory-judgment claims appears to be motivated by, at worst, gamesmanship, or, at best, a desire for a "fresh start" in the federal case. That is not a proper basis for a Rule 41(a)(2) motion. *Arizona Motors, LLC v. Volkswagen of Am., Inc.*, No. 1:10-CV-01088, 2012 WL 13046840, at *3 (N.D. Ohio June 6, 2012) (explaining that Rule 41(a)(2) dismissal cannot be used to get a clean slate on the discovery process) (citing cases); *Onyeneho v. Farmers Ins. Exch.*, No. CIV. JKB-12-3692, 2014 WL 1918637, at *2 (D. Md. May 13, 2014) ("[The plaintiff] has cited no cases that view a plaintiff's desire for a fresh start as an acceptable reason for voluntary dismissal without prejudice, and the Court has found none."); *cf. Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (instructing that courts

should not grant Rule 41(a)(2) motions if there is "some evidence of abuse by the movant").

After careful consideration of the circumstances of this case, Plaintiffs' motion to dismiss Claims 1, 2, 4, 5, and 6 without prejudice is **DENIED**. Because of that denial, and because the Court has not yet granted Plaintiffs leave to amend the Complaint, the Court will consider the original Complaint as operative and evaluate Defendant's motion as it relates to the same. Because the Court finds that *Colorado River* abstention is appropriate in this case, it does not address Defendants' other arguments.

### III.    STANDARD OF REVIEW

Under *Colorado River*, abstention is permissible when: (1) there is "parallel" litigation pending in state and federal courts, and (2) the proposed litigation in federal court would be duplicative or unwise. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–18 (1976); *see also Bates v. Van Buren Twp.*, 122 F. App'x 803, 806–07 (6th Cir. 2004). *Colorado River* abstention rests on considerations of "wise judicial administration" and the general principle against duplicative litigation. *Bates*, 122 F. App'x at 806. As the Supreme Court exhorted, however, "[a]bstention from the exercise of jurisdiction is the exception, not the rule." *Colorado River*, 424 U.S. at 813.

The "threshold question" in *Colorado River* abstention is "whether there are parallel proceedings in state court." *Bates*, 122 F. App'x at 806. If the two cases are parallel, the Court must next examine whether judicial economy warrants

abstention. To make this determination, the Court considers the following factors:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation . . . (4) the order in which jurisdiction was obtained. . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Healthcare Co. Ltd. v. Upward Mobility, Inc.*, 784 F. App'x 390, 395 (6th Cir. 2019) (quoting *Romine v. Compuserve Corp.*, 160 F.3d 337, 340–41 (6th Cir. 1998)). These factors are not a "mechanical checklist" but rather considerations that must be carefully balanced in a given case, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

## IV.   ANALYSIS

As a threshold matter, there is no question that the two actions are parallel. The "proceedings need not be identical, merely 'substantially similar.'" *Bates*, 122 F. App'x at 806 (6th Cir. 2004) (quoting *Romine*, 160 F.3d at 340). Moreover, the parties in the two cases need not be identical. *Id.* (citation omitted).

Here, the actions were filed within a day of each other; assert, *inter alia*, overlapping claims related to the four dispensaries (specifically, claims for breach of contract, unjust enrichment, and breach of fiduciary duty); involve the same

parties, either as individuals or as the individuals' related LLC entities; and seek

injunctive relief from the respective opposing party. *Compare* Compl., ECF No. 1

*with* Petition, ECF No. 17-3. These similarities are more than enough to make

the two cases "parallel" for purposes of *Colorado River*. *See, e.g.*, *Taylor v. KKR*

*& Co., L.P.*, No. CV 3:21-29-KKC, 2022 WL 1112904, at *3 (E.D. Ky. Mar. 1,

2022) (finding the state proceeding parallel where "the claims are not

identical . . . but they are substantially similar, often with only a few changed

words to reflect the different plaintiffs"); *Comau, LLC v. Bayview Elec. Co., LLC*,

No. 20-12865, 2021 WL 1037728, at **2–3 (E.D. Mich. Mar. 17, 2021)

(concluding that the proceedings were parallel when they were not identical but,

"claims in both cases 'are predicated on the same allegations as to the same

material facts' and involve substantially the same parties" (quoting *Romine*, 160

F.3d at 340)).

Having concluded that the proceedings are parallel, the Court moves on to

consider the eight factors.

The first factor weighs against abstention because the state court did not

assume jurisdiction over any res or property. *See Bates*, 122 F. App'x at 807

(concluding the first factor weighed against abstention when the case did "not

involve a res"). The second factor is neutral because the federal forum is more

convenient for Plaintiffs but less convenient for Defendants and likely most of the

witnesses. *See Paat v. Messner*, No. 2:20-CV-3680, 2020 WL 8366158, at *2

(S.D. Ohio Dec. 15, 2020) (finding the second factor neutral when the federal

forum was less convenient for the defendant but more convenient for the plaintiff and witnesses).

The remaining factors, however, indicate that it is wise to abstain. The third factor—avoiding piecemeal litigation—is of "paramount importance" in the *Colorado River* analysis. *See Romine*, 160 F.3d at 341 (*quoting Moses H. Cone*, 460 U.S. at 19). This factor weighs heavily in favor of abstention because parallel cases litigated with overlapping claims and different case schedules could result in piecemeal litigation and resolution of some claims before others; additionally, there is a risk of inconsistent results or conflicting interpretations of the parties' contractual or quasi-contractual obligations. *See Healthcare Co.*, 784 F. App'x at 396 ("If both actions were permitted to go forward, two courts would be adjudicating the same legal issue[s]—the classic piecemeal litigation situation." (citation omitted)); *Intelligrated Sys., LLC v. Hy-Tek Material Handling Installation Servs.*, No. 1:21-CV-807, 2022 WL 1423169, at *4 (S.D. Ohio May 5, 2022) (concluding the third factor "strongly favor[ed] abstention" when there was a "risk of contradictory interpretations of the [at-issue contract]"); *see also Romine*, 160 F.3d at 341 (agreeing with the district court that the third factor favored abstention and observing that, when parallel cases proceed in state and federal courts, the "legitimacy of the court system in the eyes of the public and fairness to the individual litigants also are endangered by duplicative suits that are the product of [gamesmanship] or that result in conflicting adjudications").

The fourth factor might seem to weigh against abstention because this action was filed first. However, "[t]his factor, as with the other *Colorado River* factors, is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Moses H. Cone*, 460 U.S. at 21. That is, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Id.* So, the fourth factor is "linked closely" with the seventh (the relative progress of the two actions). *Flectat, Ltd. v. 4747 Montgomery Rd. Partners LLC*, No. 1:21-CV-100, 2022 WL 2240020, at *6 (S.D. Ohio June 7, 2022). Here, although neither case has significantly progressed, the Missouri case has already had at least some substantive briefing on the issues, while the preliminary pretrial scheduling conference has not even been set in this case. *Compare* June 6, 2022, Notice (vacating preliminary pretrial conference) *with* April 2022 docket entries, Case No. 22CD-CV00068, Cedar County, Missouri (briefing on a temporary restraining order). Thus, when considered together, factors four and seven weigh at least slightly in favor of abstention. *See Flectat*, 2022 WL 2240020, at *6 (applying the same reasoning to conclude that where the state action was filed first, but the federal case had progressed further, factors four and seven weighed against abstention); *but see Intelligrated Sys., LLC*, 2022 WL 1423169, at *4 (discussing the "general rule that the court which first gains jurisdiction must decide the case").

The fifth factor weighs strongly in favor of abstention because the source of law is solely state law; there are no federal claims asserted. *See* Compl. ¶¶ 67–104, ECF No. 1 (asserting the state-law claims of breach of contract, unjust enrichment, conversion, and breach of fiduciary duty, and seeking the remedies of a declaratory judgment and an injunction). Further, all of Plaintiffs' claims relate to the operation of marijuana dispensaries. Although Missouri has legalized medical marijuana, *see* Mo. Const. art. XIV., the manufacture, distribution, possession, sale, and use of marijuana is illegal under federal law. *See* 21 U.S.C. § 841. Plaintiffs cannot set up businesses which are, to put it bluntly, criminal enterprises under federal law, and then run to federal court to seek relief when the enterprises did not go as planned. *Cf. State v. Strickland*, 400 A.2d 451, 454 (Md. Ct. Spec. App. 1979) ("A basic principle of contract law is that agreements to commit a crime are illegal, void. Without question, courts will not order damages for breach of such a contract. Parties of that ilk are left where they are found, to stew in their own juice." (citing cases)); *Berman v. Coakley*, 137 N.E. 667, 668 (Mass. 1923) ("It is a doctrine so well settled as not to be open to discussion that courts will not aid in the enforcement, nor afford relief against the evil consequences, of an illegal or immoral contract."). So, not only are Plaintiffs' claims governed by state law, they thumb their nose at federal law. Accordingly, the fifth factor weighs heavily in favor of abstention.

The sixth factor favors abstention because there is no doubt that the Missouri state court is an adequate forum in which to adjudicate Plaintiff's state-

law claims. *See Healthcare Co.*, 784 F. App'x at 396 (finding the same when "there is no legitimate reason the state court is not adequate to adjudicate the dispute").

Finally, the eighth factor weighs in favor of abstention as the Missouri state court and this Court have concurrent jurisdiction over the state-law claims. *See Intelligrated Sys.*, 2022 WL 1423169, at *5 ("[T]he eighth factor weighs in favor of abstention as there is concurrent jurisdiction over these claims.").

On balance, the factors weigh in favor of abstention. See *Intelligrated Sys.*, 2022 WL 1423169, at *5 (abstaining under *Colorado River* where the "majority of the *Colorado River* factors favor abstention in this case. Most significantly, the third factor, avoidance of piecemeal litigation, is one of the driving factors in the *Colorado River* analysis and in this case weighs heavily in favor of abstention"); *Comau*, 2021 WL 1037728 at *4 (declining jurisdiction under *Colorado River* after finding the third factor weighed "heavily" in favor of abstention, in addition to several other factors). Accordingly, the Court declines jurisdiction over this case pursuant to *Colorado River*.

Defendants ask the Court to dismiss the case. Mot., ECF No. 17. However, when abstaining under the *Colorado River* doctrine, a stay—not a dismissal—is appropriate. *See Bates*, 122 F. App'x at 809 ("We conclude that a stay is the best way to effectuate *Colorado River* abstention.").

## V. CONCLUSION

For these reasons, Defendants' motion is **GRANTED IN PART**. This action is **STAYED** pending the resolution of the Missouri action in Cedar County, Case No. 22CD-CV00068. The parties are **ORDERED** to file a joint report outlining the status of the Missouri case **WITHIN 180 DAYS**, and every 180 days thereafter.

The Clerk is **DIRECTED** to terminate ECF Nos. 17, 23, and 30.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**